UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| WILLIE VELASQUEZ, | No. C 12-05012 CRB (LB) |
| Plaintiff, | **ORDER REGARDING DISCOVERY ISSUE IN JOINT LETTER BRIEF** |
| v. | |
| UNION PACIFIC RAILROAD COMPANY, | **[RE: ECF NO. 24]** |
| Defendant. | |

## INTRODUCTION

Plaintiff Willie Velasquez sued his former employer Union Pacific after Union Pacific terminated his employment by letter dated January 4, 2010, for being absent without authority. Complaint, ECF No. 1; Ex. 5 to Joint Letter Brief, ECF No. 24-3.[1] He alleges that he was not absent without authority because he reported to his supervisors that he injured his lower back on the job on December 3, 2010, when a ballast pathway on a newly-constructed bridge collapsed, causing his leg to fall into a two-to-three-foot hole. Complaint, ECF No. 1; Joint Case Management Conference Statement, ECF No. 18 at 2-3. His claims are that the termination was pretextual based on his reporting and seeking treatment for his injuries, all in violation of the Federal Employers' Liability Act, the Federal Rail Safety Act, and California public policy as set forth in California Labor Code section 132a. *See* Complaint, ECF No. 1.

---

[1] Citations are to the electronic case file ("ECF") with pin cites to the electronically-generated page numbers at the top of the page.

ORDER (C 12-05012 CRB (LB))

1  The parties have a discovery dispute.  Mr. Velasquez wants discovery about whether other
2 employees were terminated based on the same grounds.  Joint Letter Brief, ECF No. 24 at 6.  Union
3 Pacific alleges over breadth and undue burden.  *Id.*  The undersigned held a hearing on September
4 19, 2013 and orders the following discovery.

**STATEMENT**

The first two interrogatories at issue are as follows:

**INTERROGATORY NO. 18**

Please identify each PERSON by name and last known residence ADDRESS, cell phone and landline telephone numbers who since January 1, 2005 to the present has been terminated from his/her UNION PACIFIC employment based on the same alleged rule violation(s) as were used to terminate the plaintiff.

**INTERROGATORY NO. 19**

For each PERSON who since January 1, 2005 to the present has been terminated by UNION PACIFIC based on the same alleged rule violation(s) as plaintiff, please state which of such PERSON(s) were at the time of his/her discharge off work because of an on-the-job injury as documented by that PERSON having turned in a UNION PACIFIC form 52032 injury report, which PERSON(s) were off work for an on-the-job injury but who had not turned in a UNION PACIFIC form 52032 injury report and which PERSON(s) were off work but who had not reported any on-the-job injury.

Joint Letter Brief, ECF No. 24 at 6.  The response to both is as follows:

Responding party objects to this request on the grounds that it seek information which is neither relevant nor reasonably likely to lead to the discovery of admissible evidence. The request also seeks private personnel information of third parties unrelated to Plaintiffs action. The request is also grossly overbroad as to time and scope and, thus, is unduly burdensome and oppressive. The benefit of the requested information to Plaintiff is outweighed by the undue burden to defendant in searching for and locating responsive documents.

*Id.* at 6-7.

Also at issue is this interrogatory and response:

**INTERROGATORY NO. 20**

State whether there are any exceptions to UNION PACIFIC's policy of terminating employees for alleged violations of the same rule(s) as was used to justify plaintiff's termination and, if so, what those exceptions are, whether such exceptions are evidenced in any DOCUMENT and, if so, a description of the DOCUMENT sufficient for its identification and the identity of each UNION PACIFIC PERSON, including their business address and job title, having authority to determine whether an exception will be made or not.

**RESPONSE:**

Responding party objects to this request on the grounds that it is impermissibly compound and in violation of Federal Rule of Civil Procedure, Rule 33, in that it contains discrete subparts as it seeks the identification of (1) facts, (2) witnesses and (3) documents. The request is also

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

> overbroad. Responding part further objects to the extent this request seeks information protected from disclosure by the attorney client and/ or work product privileges. Subject to and without waiving said objections and limitations responding party responds as follows: Pursuant to the Collective Bargaining Agreement between Union Pacific and Plaintiff's Union, no investigation or hearing is required for a Rule 48(k) dismissal (Absent without Permission for five days or more). Responding party is not aware of any pursuit of Plaintiff's dismissal by his local union chairman or the general union chairman, and therefore documents associated with such an appeal or pursuit do not exist to responding party's knowledge. Kurt Maddox and Joe Davis, both available through defense counsel would have general knowledge of Plaintiffs termination. Discovery is ongoing and responding party reserves the right to supplement this response.

Joint Letter Brief, ECF No. 24 at 14-15.

## ANALYSIS

**I. DISCOVERY ISSUES**

The first two interrogatories seek discovery about other employees who were terminated for being absent without authority, which is apparently is a violation of "Rule 48(k)." The first seeks contact information for those terminated since January 2005, and the next seeks information about whether any were terminated for an on-the-job injury. Joint Letter Brief, ECF No. 24 at 6-7, 15.

Relevant information in a case such as this includes the identity of other employees subject to the same decisionmakers, and whether they received the same treatment as plaintiff. Often that involves employees at the same work site. *See Diaz v. American Tel. & Tel.*, 752 F.2d 1356, 1364 (9th Cir. 1985) (Title VII disparate treatment and statistical evidence); *Sallis v. University of Minn.*, 408 F.3d 470, 478 (8th Cir. 2005) (Title VII case limiting discovery of other complaints to reasonable time period before and after the acts alleged by plaintiff and to the department where he worked); *Ceramic Corp. of America v. Inka Mar Corp.*, 163 F.R.D. 584, 589 (C.D. Cal. 1995) ("In recent years, courts have routinely ordered the production of personnel files of third parties in employment discrimination and police brutality cases."). The court's view is that privacy interests can be protected through a protective order, as discussed with counsel on the record. *See* Order, *Hamilton v. Radioshack Corp.*, No. C 11-00888-LB, ECF No. 33 at 2-3 (N.D. Cal. Oct. 31, 2011).

The court discussed concerns about geographic and supervisor limitations with the parties. Plaintiff's counsel pointed out that there are three categories of employees who possibly would have a Rule 48(k) termination coupled with a physical injury: track laborers, personnel who work on trains, and mechanics. The first two categories of employees could work anywhere depending on

job availability, so the analysis is not as susceptible to a geographic restraint. As to a supervisor limitation, there is a supervisor here, but Plaintiff's theory is that he is just enforcing policy, which is different than sussing out the kind of discriminatory animus that might be supervisor-specific. As to time limitations, the parties generally agree that starting in 2005 is an appropriate time period.

The court's expectation – and the discussion at the hearing did not alter this conclusion – is that information generally is captured in database format, including reasons for termination (because that is how payroll has to work in a company this size). Burden on this record is not apparent, and counsel for Union Pacific said that information could be produced in two weeks (thus confirming the lack-of-burden conclusion). On the record, Union Pacific's counsel explained that personal injuries are recorded on a standard form. This should allow Union Pacific to obtain and disclose system-wide for the period from 2005 to the present for all employees who were terminated under Rule 48(k). The court orders this disclosure within two weeks. Union Pacific also should disclose not only all 48(k) dismissals but also the subset of these that include personal injury reports. That information should be disclosed within two weeks to the extent that the information is captured electronically. If it is not, Union Pacific should inform Plaintiff at the same time it provides the Rule 48(k) terminations its proposed time period for disclosing the subset that includes personal injury reports. If there are any burden issues, Union Pacific should identify them. The parties can follow up with a very short supplemental letter identifying any burden issues and their proposed compromises. The court will make its best efforts to schedule a short telephonic discovery conference quickly to address any issues. The information may be disclosed pursuant to a protective order to address any privacy interests.

As for interrogatory 20, Union Pacific did not answer it. It asks for the rules about terminating people for being absent without permission for five days or more. Joint Letter Brief, ECF No. 24 at 14-15 (refers to "Rule 48(k)"). This information is relevant. Union Pacific must answer within two weeks.

**II. FUTURE DISPUTES**

The undersigned previously ordered compliance with its procedures regarding discovery disputes. Order, ECF No. 23. The process requires an in-person meet and confer and then a five-

page letter. The 15-page brief here did not comply. Future disputes must or the court likely will deny the letter brief without prejudice for failure to comply. The process is meant to facilitate a side-by-side comparison of the parties' differences. Here, for example, there is no need to recite boilerplate law. The real analysis in the brief starts on page 8 and could have been cut shorter given that Union Pacific's main argument is that the time period and geographic scope should be limited.

### III. REFERRAL FOR A SETTLEMENT CONFERENCE

The undersigned discussed alternative dispute resolution possibilities with the parties, who previously selected mediation. The court touched base with the ADR Department, and mediation this close to a December trial date is unlikely. The parties said that they would be agreeable to a settlement conference. Given the timing of the pretrial filings, probably this should happen in October or early November. With the parties' agreement, the undersigned will coordinate a referral with the district judge.

This disposes of ECF No. 24.

**IT IS SO ORDERED.**

Dated: September 19, 2013

LAUREL BEELER
United States Magistrate Judge

ORDER (C 12-05012 CRB (LB))    5